IN THE UNITED STATED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RAAMI MAAT, | ) | |
| | ) | **No.    08 C 1928** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | JUDGE BLANCH M. MANNING |
| OFFICER JOHN DOE, JOHN ROE and | ) | |
| THE CITY OF CHICAGO, a Municipal | ) | |
| Corporation, | ) | Magistrate Judge |
| | ) | |
| Defendants. | ) | |
| | ) | JURY DEMAND |

**DEFENDANT CITY OF CHICAGO'S ANSWER, DEFENSES AND
JURY DEMAND TO PLAINTIFF'S COMPLAINT**

Defendant, City of Chicago, ("City") by Mara S. Georges, Corporation Counsel for the City of Chicago for its answer defenses and jury demand to plaintiff's complaint, states as follows:

1.      The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. Sections 1983 and 1988; 28 U.S.C. Sections 1331 and 1343(3); and the Constitution of the United States, and supplemental jurisdiction under 28 U.S.C. Section 1367.

ANSWER:      The City admits that this action is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983, and the Constitution of the United States. The City admits that this Court has jurisdiction pursuant to 42 U.S.C. § 1988 and 28 U.S.C. § 1331 and supplemental jurisdiction under 28 U.S.C. § 1367. The City denies this Court has jurisdiction under 28 U.S.C. § 1343(3).

2.      Plaintiff Raami Maat is an African-American male, a citizen of the United States, and a resident of Cook County.

ANSWER:      The City has insufficient knowledge or information to form a belief as to the truth of

=

the allegations contained in this paragraph.

3. Defendant Officers John Doe and John Roe, whose names are not currently known, are police officers employed by the City of Chicago, and were at all times relevant to the facts alleged in this Complaint, acting within the scope of their employment and under color of law. Officers John Doe and John Roe are being sued individually.

ANSWER: The City has insufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

4. The City of Chicago is a municipal corporation within the State of Illinois, and was all times material to this Complaint, the employer of defendant police officers John Doe and John Roe.

ANSWER: The City admits it is a municipal corporation within the State of Illinois. The City has insufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph.

**Facts**

5. On October 21, 2006, at approximately 11:00 p.m., Plaintiff Raami Maat was riding in his car on Lauler Ave. in the city of Chicago when his car was pulled over by two white officers in a marked squad car.

ANSWER: The City admits, upon information and belief, based on Chicago Police Department records, that on October 21, 2006, at approximately 11:15 pm, Plaintiff was driving a car in the City of Chicago when he was pulled over by Chicago Police Officers. The City denies, upon information and belief, based on Chicago Police Department

records, that the plaintiff was pulled over on Lauler Ave. The City has insufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph.

6. The officers ordered Maat out of the car at gun point. Maat was then beaten by one of the officers as one of the other officers watched.

ANSWER: The City has insufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

7. A defendant officer planted a gun in the vehicle in which Maat was riding at Maat was subsequently arrested for unlawful use of a weapon by a felon. Both officers knew the charges to be false.

ANSWER: The City has insufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

8. Maat was taken to the Cook County jail that evening where he remained until he was found not guilty on April 4, 2007.

ANSWER: The City admits, on information and belief, based on records of the Circuit Court of Cook County, Plaintiff was found not guilty on April 4, 2007. The City has insufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

## COUNT I
### 42 U.S.C. Section 1983 - Excessive Force Claim

  1-8.  Plaintiff Raami Maat alleges and realleges paragraphs 1 through 8 as fully set forth above.

ANSWER:  The City re-alleges its answers to paragraphs 1 through 8 as if fully set forth therein.

  9.  As a result of the unreasonable and unjustifiable attack on Raami Maat, Maat suffered both physical and emotional injuries.

ANSWER:  The City has insufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

  10.  This unreasonable and unjustifiable beating of the Plaintiff Raami Maat by Defendant Officers John Doe while Defendant John Roe watched was a direct and proximate cause of his pain, suffering and mental anguish. The acts by the above individual Defendants violated the Plaintiff's Fourth Amendment right to be free from unreasonable seizures, in addition to a violation of 42 U.S.C. 1983.

ANSWER:  The City has insufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

  WHEREFORE, the City prays that this Court enter judgment in its favor on Plaintiff's Complaint, award the City costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

### COUNT II

**42 U.S.C. Section 1983 - False Arrest**

  1-8.  Plaintiff Raami Maat alleges and realleges paragraphs 1 through 8 as fully set forth herein.

ANSWER:     The City re-alleges its answers to paragraphs 1 through 8 as if fully set forth therein.

9.      The above acts of the Defendant Officers John Doe and John Roe were willfully and wantonly done without probable cause and was a direct and proximate cause of Mr. Maat's pain, suffering and mental anguish, and therefore violated the Plaintiff's Fourth Amendment right to be free from unreasonable arrests, search and seizure.

ANSWER:     The City has insufficient knowledge or information to form a belief as to the truth of

the allegations in this paragraph.

WHEREFORE, the City prays that this Court enter judgment in its favor on Plaintiff's Complaint, award the City costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

## COUNT III

### 42 U.S.C. Section 1983 - Conspiracy

1-8.    Plaintiff Raami Maat alleges and realleges paragraphs 1 through 8 as fully set forth herein.

ANSWER:     The City re-alleges its answers to paragraphs 1 through 8 as if fully set forth therein.

9.      Officers John Doe and John Roe reached an understanding, engaged in a sequence of events or course of conduct, and otherwise agreed and conspired together to violate the constitutional rights of the Plaintiff.

ANSWER:     The City has insufficient knowledge or information to form a belief as to the truth of

the allegations in this paragraph.

10.　　Each defendant did reach this understanding and agreement, and did engage in this course of conduct with the mutual purpose, objective, and knowledge that it would deprive the Plaintiff of his rights, privileges and immunities as guaranteed by the Constitution and laws of the United States.

ANSWER:　　The City denies the allegations contained in this paragraph to the extent they are directed at the City. The City has insufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph.

11.　　Additionally, said conspiracy/joint action violated Plaintiff's Fourth Amendment rights under the color of law in violation of 42 U.S.C. Section 1983, and was a direct and proximate cause of his pain, suffering and mental anguish.

ANSWER:　　The City denies the allegations contained in this paragraph to the extent they are directed at the City. The City has insufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph.

12.　　Acting in furtherance of this plan and conspiracy, each of the Defendants committed overt acts, including, but not limited to, an unjustifiable beating and false arrest as fully alleged in paragraphs 1-8. This course of conduct by the Defendants was done willfully, maliciously, intentionally or with reckless disregard and directly and proximately caused serious injury to the Plaintiff.

ANSWER:　　The City denies the allegations contained in this paragraph to the extent they are directed at the City. The City has insufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph.

WHEREFORE, the City prays that this Court enter judgment in its favor on Plaintiff's Complaint, award the City costs and fees as allowed by law, and grant such further relief as this

Court deems just and proper.

## COUNT IV

### Assault and Battery Under Illinois Law

    1-8.    Plaintiff Raami Maat alleges and realleges paragraphs 1 through 8 as though fully set forth herein.

ANSWER:    The City re-alleges its answers to paragraphs 1 through 8 as if fully set forth therein.

    9.    The acts of the Defendant Officers John Doe and John Roe described above, were done maliciously, willfully and wantonly and with such reckless disregard for their natural consequences as to constitute assault and battery under the laws and Constitution of the State of Illinois, and did directly and proximately cause the injuries, pain and suffering of the Plaintiff as alleged above.

ANSWER:    The City has insufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

WHEREFORE, the City prays that this Court enter judgment in its favor on Plaintiff's Complaint, award the City costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

## COUNT V

### Malicious Prosecution Under Illinois Law

    1-8.    Plaintiff Raami Maat alleges and realleges paragraphs 1 through 8 as though fully set forth herein.

ANSWER:    The City re-alleges its answers to paragraphs 1 through 8 as if fully set forth therein.

9. The above prosecution was initiated by the defendants to cover up the unjustifiable beating of the Plaintiff.

ANSWER: The City denies the allegations contained in this paragraph to the extent they are directed at the City. The City has insufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph.

10. The defendants signed complaints against Plaintiff which began the prosecution of him. Defendants further gave false statements against Plaintiff to the prosecution.

ANSWER: The City denies the allegations contained in this paragraph to the extent they are directed at the City. The City has insufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph.

11. The unjustifiable prosecution was resolved in the Plaintiff's behalf and, therefore, said prosecution was in violation of the Illinois law.

ANSWER: The City admits that Plaintiff was found not guilty of the criminal charges against him. The City states that Plaintiff's assertion that the prosecution was in violation of Illinois law is a vague, incorrect, and/or incomplete statement of the legal standard for malicious prosecution under Illinois law, and therefore this allegation is denied. The City has insufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph.

12. The unjustifiable prosecution of the Plaintiff Raami Maat was done willfully and wantonly and was the direct and proximate cause of the physical and mental injuries suffered by the Plaintiff.

ANSWER: The City denies the allegations contained in this paragraph to the extent they are directed at the City. The City has insufficient knowledge or information to form a

belief as to the truth of the remaining allegations in this paragraph.

WHEREFORE, the City prays that this Court enter judgment in its favor on Plaintiff's Complaint, award the City costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

## COUNT VI

### Respondeat Superior Under Illinois Law against the City of Chicago

1-8.　Plaintiff Raami Maat alleges and realleges paragraphs 1 through 8 as though fully set forth herein.

ANSWER:　The City re-alleges its answers to paragraphs 1 through 8 as if fully set forth therein.

9.　The aforesaid acts of Defendant Officers John Doe and John Roe in beating and maliciously prosecuting Raami Maat was done within the scope of their employment as Chicago police officers, was willful and wanton, and therefore the defendant City of Chicago, as principal, is liable for the actions of its agents under the doctrine of *respondeat superior*.

ANSWER:　The City states Plaintiff's allegation regarding the doctrine of respondeat superior is a vague, inaccurate, and/or incomplete of the City's liability under that legal doctrine and therefore, this allegation is denied. The City has insufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph.

WHEREFORE, the City prays that this Court enter judgment in its favor on Plaintiff's Complaint, award the City costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

**AFFIRMATIVE DEFENSES**

1.	Under the Illinois Tort Immunity Act, Defendant Officers are not liable for any of the state law claims alleged because a public employee is not liable for his or her acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute willful and wanton conduct.  745 ILCS 10/2-202.

2.	A municipality is not liable under a theory of respondeat superior for the constitutional violations of its employees.  See Board of County Commissioners of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 403 (1997).

3.	Under the Illinois Tort Immunity Act, a public employee serving in a position involving the determination of policy or exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when action in the exercise of such discretion even though abused.  745 ILCS 10/2-201.

4.	Under the Illinois Tort Immunity Act, a public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, unless he acts maliciously and without probable cause. 745 ILCS 10/2-208.

5.	Defendant Officers are not liable for any of Plaintiff's claims because they can not be held liable for acts or omissions of other people.  Under the Tort Immunity Act, Defendant Officers are not liable for any of Plaintiff's alleged state law claims because a public employee, as such and acting within the scope of his/her employment, is not liable for an injury caused by the act or omission of another person.  745 ILCS 10/2-204.

6.	Plaintiffs have a duty to mitigate their damages, and any damages awarded to Plaintiff would be required to be reduced by any amount by which the damages could have been

lessened by Plaintiff's failure to take reasonable action to minimize those damages.

  7. To the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by any wrongful conduct on the part of the Plaintiff, any verdict or judgment obtained by Plaintiff based on any finding of "reckless" willful and wanton behavior, as opposed to "intentional" willful and wanton behavior, must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiff by the jury in this case.  See People of City of Rolling Meadows, 167 Ill.2d 41, 656 N.E.2d 768, 212 Ill. Dec. 171 (1995).

  8. If the Defendant Officers are found not liable to the Plaintiff on any of his state claims, the City is not liable to the Plaintiff.  745 ILCS 10/2-109.

  9. To the extent Plaintiff's state law claims have occurred more than one year prior to the filing of the complaint, they are time-barred and should be dismissed.  745 ILCS 10/8-101.

**JURY DEMAND**

The City respectfully requests a trial by jury.

           Respectfully submitted,

           MARA S. GEORGES,
           CORPORATION COUNSEL
           CITY OF CHICAGO

    By:  /s/ Rita Moran
       RITA MORAN
       Assistant Corporation Counsel

30 N. LaSalle St., Suite 1020
Chicago, Illinois 60602
(312) 744-4939 Ofc.
(312) 744-3989 Fax
Attorney No. 06270301

11

**CERTIFICATE OF SERVICE**

      I hereby certify that I have caused true and correct copies of the above and foregoing Answer to Plaintiff's Complaint to be served upon the person(s) named in the Notice of Motion, who is a "Filing User" pursuant to ECF, in accordance with the rules of electronic filing of documents, on this 30th day of June, 2008.

                                              /s/ Rita Moran  
                                              RITA MORAN  
                                              Assistant Corporation Counsel  
                                              Attorney for Defendant City of Chicago